Turley, J.
delivered the opinion of the court.
We are of opinion, that the decree of the chancellor in this •case, should be affirmed, because it appears that previous to the 27th of November 1840, the date of the deed of trust, and in which the complainant as trustee, claims the one hundred and sixty acres of land in dispute, viz: on the 31st of October 1840, the same had been levied on as the property of Wright, the vendor of the deed of trust, by virtue of an execution issued from the supreme court of the State of Tennessee at Nashville, and the same was sold by the sheriff of DeKalb county, on the 19th day of December 1840*, to defendants Tubb & Kelly, and duly conveyed by him to them, and that they afterwards gained possession of the premises by action of ejectment — this, to say the least of it, is prima fade evidence that they acquired the legal title by the sale; and even if it would, now be competent for the complainant to show that Wright, under whom he and the defendants claim, though in different rights, had no legal title to the land at the time of the execution sale, he has not done so. The statement in the deed of trust, executed by Wright that he held this tract of land by bond horn E. W. Dale, is no evidence of the fact, as against these defendants Tubb & Kelly. They are not such parties to the bond as to be bound by its admissions and statements — and, anything contained in it, militating against their rights, should have been otherwise proven.
This not having been done, the bill was properly dismissed as to them.
The decision upon this point, makes it unnecessary to in-' vestigate the validity of %e tax sale, under 'which defendants also seek to protect themselves against the deed of trust.
Let the decree be affirmed.